UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACINDA FRANK,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.  25-cv-03581-JCS<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Re: Dkt. No. 52 |

## I.      INTRODUCTION

Plaintiff Tracinda Frank has issued a deposition subpoena ("the Deposition Subpoena") to non-party Equal Employment Opportunity Commission ("EEOC") in which she seeks to depose EEOC Investigator Ian Steele and requests the production of "[a]ll interview notes, witness statements, and documents that contain or reflect statements made by witnesses to [Investigator Steele] pertaining to EEOC Charge Nos. 550-2023-00352 and 550-2024-00874."  Plaintiff has also issued a subpoena to EEOC requesting the production of the same documents ("the Document Subpoena").  Presently before the Court is EEOC's Motion to Quash Plaintiff's Subpoenas ("Motion").  The Court finds that the Motion can be decided without oral argument and therefore vacates the July 15, 2026 motion hearing pursuant to Civil Local Rule 7-1(b).  For the reasons set forth below, the Motion is GRANTED.

## II.      BACKGROUND

In this case, Plaintiff asserts claims of discrimination based on disability and race against her former employer, San Francisco Unified School District ("SFUSD"), alleging that SFUSD failed to provide reasonable accommodation of her disability and subjected her to disparate treatment based on her race (African-American).  Compl. at pp. 35-39. She filed charges of

United States District Court
Northern District of California

discrimination with the EEOC, which investigated her claims and on September 17, 2024 issued a determination that there was reasonable cause to believe that SFUSD had denied Plaintiff's request for a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"). *Id.* ¶¶ 126, 130, 203.  The EEOC made no finding concerning Plaintiff's disparate treatment claim.  *Id.* ¶ 203.

As part of its investigation, EEOC investigator Ian Steele interviewed five SFUSD Human Resources representatives: Victoria Ramos, Laura Lyons, Irene Lumague, Princess Tucker, and Francine DeMarco. Declaration of Mariko Mae Ashley in Support of Non-Party EEOC's Motion to Quash Plaintiff's Subpoenas ("Ashley Decl."), ¶ 6. On June 8, 2026, EEOC produced "all non-privileged documents responsive to Plaintiff's subpoenas," which included notes taken by EEOC Investigator Ian Steele during the witness interviews of Victoria Ramos, Laura Lyons, Irene Lumague, Princess Tucker, and Francine DeMarco, along with its objections to the subpoenas and a privilege log.  *Id.*;  *see also* Supplemental Declaration of Mariko Mae Ashley in Support of Non-Party EEOC's Motion to Quash Plaintiff's Subpoenas  ("Ashley Supp. Decl."), Ex. A (interview notes).  The EEOC had already produced to Plaintiff over 1,600 pages of documents from the investigative file of Charge No. 550-2023-00352 in response to a request for documents under the Freedom of Information Act ("FOIA") but had withheld most of the interview notes on the grounds of personal privacy under 5 U.S.C. § 552(b)(6).  Ashley Decl. ¶ 4 & Ex. D.  That FOIA request was handled by a non-attorney FOIA officer with EEOC.  *Id.*

EEOC has withheld three documents in its response to Plaintiff's subpoenas, described on its privilege log as: 1) Reflections on Witness Interview with Laura Lyons, dated December 5, 2023 ("Lyons Interview Reflections"); 2) Reflections on Witness Interview with Victoria Ramos, dated December 29, 2023 ("Ramos Interview Reflections"); and 3) Reflections on Interview with Irene Lumague, dated January 2, 2024 ("Lumague Interview Reflections").  Ashley Supp. Decl., Ex. B (Amended Privilege Log).[1]  All three documents (referred to collectively as "the reflections

---

[1] In the privilege log attached to the original Ashley Declaration, the Ramos Interview Reflections is described as being dated January 2, 2024.  Ashley Decl., Ex. E.  That date was a typographical error, however, and was corrected in the Amended Privilege Log attached to the Ashley Supplemental Declaration.  Ashley Supp. Decl., ¶ 3 & Ex. B.

2

memos") have been withheld on the basis of the deliberative process privilege. *Id.*

In support of the assertion of the deliberative process privilege, EEOC Chair Andrea Lucas has filed a declaration stating that she has personally reviewed the reflections memos and that they "contain pre-decisional analyses, mental impressions, and credibility assessments, of Commission investigatory personnel regarding the investigation of Charge No. 550-2023-00352."[2] Declaration of EEOC Chair Andrea R. Lucas in Support of Non-Party EEOC's Motion to Quash Plaintiff's Subpoenas ("Lucas Decl."), ¶ 5; *see also* Lucas Decl., Ex. A. She further states that disclosure of these documents "to individuals outside the Commission . . . would inhibit the free expression of opinions by Commission employees, thereby impairing the Commission's ability to enforce the statutes within its authority." Lucas Decl. ¶ 6.

Similarly, EEOC attorney Mariko Mae Ashley states in her declaration:

> None of the documents listed on the EEOC's privilege log (i.e., the "reflections memos" authored by Investigator Ian Steele regarding the witness interviews of Laura Lyons, Victoria Ramos, and Irene Lumague) contain factual summaries of witness interviews prior to detailing his reflections and pre-decisional analysis. Many Investigators in the EEOC's San Francisco District Office maintain a practice of recording factual matter in one document (typically referred to as "witness interview notes") and their governmental deliberative process on a witness's testimony and pre-decisional analysis in a separate document.

Ashley Supp. Decl. ¶ 4.

EEOC Chair Lucas also asserts that the deposition Plaintiff seeks of Investigator Steele is barred by the deliberative process provision, stating in her declaration:

> I have personally reviewed the Subpoena to Testify at a Deposition in a Civil Action issued to EEOC Investigator Ian Steele by Plaintiff Tracinda Frank, which was served on the EEOC on May 14, 2026. This deposition of EEOC personnel would require those personnel to reveal information relating to the EEOC's methods, strategies, decision-making process, and mental impressions in conducting its investigation of the charges on which the above-designated suit is based, the basis of EEOC's reasonable cause findings on the charges, and the reasons for the EEOC's decision to find cause and fail conciliation. Testimony on such topics would reveal the pre-decisional analyses, advice, and recommendations of Commission

---

[2] EEOC has represented that there are no documents responsive to Plaintiff's subpoenas in the investigative file for Charge No. 550-2024-00874. Ashley Decl. ¶ 5.

United States District Court
Northern District of California

employees who worked on the matter and would also implicate myriad internal documents comprising the Commission's pre-decisional deliberations.

Lucas Decl., ¶ 3.

In the Motion, EEOC asserts that the subpoenas should be quashed because compliance would impose an undue burden on EEOC (particularly as to the deposition of Investigator Steele) and would result in disclosure of privileged information. Motion at 2-3. EEOC further contends the subpoenas should be quashed because they are redundant and duplicative of information that has already been produced or is otherwise available to Plaintiff, and therefore they are beyond the scope of permissible discovery. Motion at 2-3.

Plaintiff counters that she should be permitted to depose Investigator Steele to obtain factual information of which she has substantial need because Investigator Steele "is the only neutral, non-party witness who heard what the District's managers said about Plaintiff's accommodation requests before this litigation gave them a reason to shade their accounts." Opposition at 2. The interview notes that were already produced are not sufficient, she contends, because "[t]he notes cannot be cross-examined, cannot authenticate themselves at trial, and cannot lay the foundation Plaintiff will need to impeach the District's witnesses with their own prior statements." *Id.* at 2-3. Plaintiff denies that the deposition will be duplicative or impose an undue burden, arguing that if Investigator Steele does not remember any additional facts that are not in the interview notes, the deposition will be short and will impose minimal burden. *Id.* Plaintiff also contends the deliberative process privilege should give way to her need to depose Investigator Steele and obtain the reflections memos. *Id.* at 5.[3]

At a minimum, Plaintiff asserts, EEOC should be ordered to segregate and produce all factual material from the reflections memos – or submit those documents to the Court for *in camera* review -- and Investigator Steele should be ordered to sit for a 4-hour remote deposition

---

[3] Plaintiff also argues in her Opposition brief that the deliberative process was not properly invoked to the extent that the document descriptions in the privilege log that was supplied with the Motion (Ashley Decl., Ex. E) do not match the documents described in the Lucas Declaration. In particular, in the original privilege log, the Ramos Interview Reflections were described with an incorrect date. The Amended Privilege Log supplied with the EEOC's Reply corrects that typographical error, however, and therefore the Court need not address this argument.

United States District Court
Northern District of California

confined to: "(a) what each of the five witnesses stated during the interviews; (b) factual observations during the interviews; and (c) foundational facts concerning the produced notes." *Id.* at 12-13.

## III.    ANALYSIS

### A.    Legal Standards

#### 1.    Rules 26 and 45 of the Federal Rules of Civil Procedure

Rules 45(d)(3)(A) (iii) and (iv) of the Federal Rules of Civil Procedure provide: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." "It is well-settled that the scope of discovery under a Rule 45 subpoena is the same as that permitted under Rule 26." *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437 CFD, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (citing Fed.R.Civ.P. 45 Advisory Committee Notes to 1970 Amendment ("the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"); 9A Wright & Miller § 2459, at 42 (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rules 26(b) and 34)).

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that":

> (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

## 2. The Deliberative Process Privilege

To qualify for protection under the deliberative process privilege, a document must be both (1) "predecisional," that is, "generated before to the adoption of agency's policy or decision" and (2) "deliberative," meaning that it contains opinions, recommendations or advice about agency policies. *FTC v. Warner Communications, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (citing *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980)). The privilege does not cover "[p]urely factual material that does not reflect the deliberative process." *Id*. (citation omitted). On the other hand, the privilege applies where the "factual material is so interwoven with the deliberative material that it is not severable." *Id*. (citing *Binion v. Department of Justice*, 695 F.2d 1189, 1193 (9th Cir. 1983)). In *Coastal States*, the court described the purposes of the deliberative process privilege as follows:

> The privilege has a number of purposes: it serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism; to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d at 866.

### B. Discussion

#### 1. The Document Subpoena

EEOC has provided sufficient evidence to establish that the reflections memos are pre-decisional (all three are dated *before* EEOC issued its September 17, 2024 reasonable cause determination) and deliberative (EEOC Chair Lucas has reviewed the documents and states in her declaration that they contain "thoughts, reflections, and impressions, contributing to the investigator's conclusions about the credibility of an individual he interviewed as part of the investigation of Charge No. 550-2023-00352, as well as pre-decisional analysis of evidence obtained as part of the investigation"). Consequently, these documents are protected from disclosure *except* to the extent they contain factual information that can be segregated from

United States District Court
Northern District of California

deliberative material or Plaintiff can establish that her need for the documents overcomes the EEOC's interest in maintaining their confidentiality.

Plaintiff contends there must be segregable factual material in the reflections memos because "[a] memorandum titled 'Reflections on Witness Interview' will, by its nature, recount what the witness said before the investigator reflects on it." Opposition at 11. But the evidence in the record contradicts Plaintiff's assertion. In particular, as discussed above, EEOC Senior Attorney Ashley states in her declaration that in the San Francisco EEOC Office, where Investigator Steele is based, it is a common practice for investigators to "record[ ] factual matter in one document (typically referred to as "witness interview notes") and their governmental deliberative process on a witness's testimony and pre-decisional analysis in a separate document." Ashley Supp. Decl. ¶ 4. Ashley further confirms that none of the reflections memos "contain[s] factual summaries of witness interviews prior to detailing [Investigator Steele's] reflections and pre-decisional analysis." *Id.* This evidence supports EEOC's assertion that there are *no* segregable non-privileged facts in the withheld documents. *See* Reply at 4. The Court further finds persuasive EEOC's argument that "[a]ny residual facts referenced in Investigator Steele's reflections memos . . . show what specific facts he found most compelling" and thus are also covered by the deliberative process privilege. *Id.*

Nor is the Court persuaded that *in camera* review of the reflection memos is justified on the current record. "Before engaging in *in camera* review . . . . the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person" that the documents to be reviewed contain material to which the party seeking discovery is entitled. *See United States v. Zolin*, 491 U.S. 554, 572 (1989) (citation omitted). While this requirement is not stringent, it is not satisfied here in light of the Ashley declaration that expressly avers that the reflections memos do not contain any separate statements of facts, contrary to the speculative assertion of Plaintiff that they do. *See* Ashley Supp. Decl. ¶ 4. Therefore, the Court declines to review the withheld documents to determine whether they contain any segregable facts.

The Court also rejects Plaintiff's assertion that the deliberative process privilege is overcome by her need to obtain these documents. The deliberative process privilege is a qualified

United States District Court
Northern District of California

privilege. *FTC v. Warner*, 742 F.2d at 1161. Thus, a party may obtain disclosure of deliberative materials if it can establish that the need for the materials to allow for accurate fact-finding outweighs the government's interest in non-disclosure. *Id*. (citing *United States v. Leggett & Platt, Inc*., 542 F.2d 655, 658 (6th Cir.1976), *cert. denied*, 430 U.S. 945 (1977); *United States v. American Telephone and Telegraph Co*., 524 F. Supp. 1381, 1386 n. 14 (D.D.C.1981)). The Ninth Circuit in *Warner* set forth four non-exclusive factors that may be considered in determining whether the litigant has met this requirement: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id*. (citations omitted). "Other factors that a court may consider include: (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003).

The reflection memos have little to no relevance to the claims asserted in this case because the sufficiency of the EEOC's investigation is not at issue in this litigation. Therefore, the first factor in *FTC v. Warner* weighs heavily in favor of non-disclosure. *See U.S. Equal Emp. Opportunity Comm'n v. Chipotle Mexican Grill, Inc*., No. 17-CV-05382-BLF, 2019 WL 3811890, at *4 (N.D. Cal. Aug. 1, 2019) (declining to order disclosure of deliberative documents from EEOC's pre-suit review based, in part, on finding that those documents were not relevant to claims asserted in litigation). The second factor also favors non-disclosure as Plaintiff can seek discovery directly from the witnesses who are the subjects of the reflections memos; furthermore, Plaintiff has received detailed interview notes as to each of these witnesses summarizing their interview responses. The likelihood that the reflections memos might contain some factual statement of significance to Plaintiff's case that is not contained in the interview notes and cannot be obtained from the witnesses themselves appears extremely slim. The fact that the EEOC is not a party to this case and is not accused of any misconduct also undermines Plaintiff's position. On the other side of the balance is the harm associated with disclosure of the EEOC's internal

United States District Court
Northern District of California

8

deliberations, which the deliberative process privilege is designed to protect against. The Court concludes that that factor outweighs any interest Plaintiff may have in obtaining the reflections memos for use in this case. Therefore, the Court GRANTS EEOC's Motion as to the Document Subpoena, which is QUASHED.

### 2.  The Deposition Subpoena

The Court further concludes that even a four-hour deposition of Investigator Steele that is limited to facts related to the witness interviews imposes an undue burden on the EEOC.

As a preliminary matter, the Court agrees with the court in *Leyh v. Modicon, Inc.*, "that parties to an employment discrimination case should [not] be able to depose EEOC investigators as a matter of course." 881 F. Supp. 420 (S.D. Ind. 1995). In that case, the plaintiff sought to depose the EEOC investigator "about his recollection of facts he turned up in his investigation of plaintiff's complaints." 881 F. Supp. at 424. The court did not permit the plaintiff to depose the EEOC investigator, explaining its conclusion as follows:

> . . . [D]epositions [of EEOC investigators] should not become a routine method to find a short-cut to evidence or to being given pre-packaged cases. It is beyond the scope of this case to catalog the exceptional circumstances that might warrant such discovery, but there are no such exceptional circumstances here. While such depositions might save private litigants some time and money, there is a larger public interest here. The EEOC has plenty of work to do investigating new complaints, and its principal responsibility is to serve the public as a whole, not to work for the benefit of particular litigants. Accordingly, the court finds under Rule 26(b)(2) that plaintiff should not be permitted to depose Murdock on the facts that he turned up in his investigation of plaintiff's claims. The underlying facts relating to her claims are matters that are obtainable from other sources that are more convenient and less burdensome to the public interests at stake here. The possibility that the investigator might testify about admissions by the opposing party would be present in any case and is not sufficient to outweigh the burden of subjecting the EEOC to depositions of its investigators as a matter of course.

881 F. Supp. at 424–25.

Applying similar reasoning, a number of courts have declined to permit depositions of EEOC investigators by parties seeking to discover the facts learned by the investigator in investigating the charges of discrimination filed with the EEOC. *See, e.g., Equal Emp. Opportunity Comm'n v. Unicom Elec., Inc.*, No. CV026937CASJTLX, 2007 WL 9359941, at *2

(C.D. Cal. Mar. 9, 2007) (granting motion to quash subpoena to depose EEOC investigator aimed at "discover[ing] exactly what facts [she] learned during her investigation" on grounds that: (1) the deposition "would elicit only cumulative or duplicative evidence because plaintiff has already provided defendant with any non-privileged information that Sanchez may have obtained about this case (Fed.R.Civ.P. 26(b)(2)(i)); and (2) plaintiff [had] ample opportunity to obtain the information that it [sought] through other forms of discovery (Fed.R.Civ.P. 26(b)(2)(ii))."); *United States v. Electro–Voice, Inc.*, 879 F.Supp. 919 (N.D.Ill.1995) (granting motion to quash as to deposition of EEOC investigator where the EEOC had offered to produce witness statements and other documentary evidence in the file) ; *D'Amico v. Cox Creek Refining Co.*, 126 F.R.D. 501 (D.Md.1989) (quashing subpoena to depose National Labor Relations Board investigator sought to discredit witness affidavits collected by the investigator because the adequacy of the investigation was not at issue in the case and finding "as a practical matter, [that] it [was] difficult to imagine how a deposition focusing on [the investigator's] conduct of her investigation could avoid intruding into the deliberative processes or protected work product of the agency.").

The Court reaches the same result here.  In particular, it finds that deposition of Investigator Steele is unlikely to turn up any information that is not already in Plaintiff's possession or cannot be obtained through discovery from the witnesses themselves.  Given the EEOC's heavy caseload and the burden that will be imposed on it by requiring its investigators to undergo depositions (and potentially testify at trial) under circumstances such the ones here, [4] Plaintiff has not demonstrated that her need to depose Investigator Steele outweighs the burden of complying with the Deposition Subpoena under Rule 26(b)(1). The Court further finds that the deposition of Investigator Steele is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" under Rule 26(b)(2)(C)(i).

The Court notes that the one case cited by Plaintiff in which the court *did* permit a

---

[4] According to the EEOC, "[i]n fiscal year 2025, the EEOC's limited staff responded to nearly 270,000 inquiries, up almost 9% from fiscal year 2024; and processed 88,201 new discrimination charges." Motion at 6 (citing U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEOC Highlights Record-Breaking Results in Agency Reports (Apr. 6, 2026)).

United States District Court
Northern District of California

deposition of the EEOC investigator, even though interview notes had been produced, *Little v. Auburn Univ.*, No. 3:08-cv-373, 2010 U.S. Dist. LEXIS 13491 (M.D. Ala. Feb. 17, 2010), is not on point. In *Little*, the court found that "many of the questions the defendant want[ed] to pose [were] related to clarifying factual information contained in the EEOC's investigative file and would not be covered under the deliberative process privilege." 2010 U.S. Dist. LEXIS 13491, at *6. The court further found that the information defendant was seeking was "not cumulative because the questions relate[d] to ambiguous references in the investigative file[,]" citing as an example the fact that "some of the handwritten notations in the file [were] illegible." *Id.* Here, Plaintiff has not pointed to any ambiguities in the interview notes (all of which are typed and completely legible), or the investigative file generally, as to which she seeks clarification of any specific facts. And while she suggests she needs to depose Investigator Steele to obtain "foundational facts" related to the witness interviews, the only specific example of such a fact she offers is "who was present (i.e., whether the employer's representative also attended)." Opposition at 8, 11. But that information is clearly stated at the beginning of the interview notes for each witness, which list the individuals present at each interview. *See* Ashley Supp. Decl., Ex. A. Therefore, *Little* does not change the Court's conclusion.

## IV.     CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Deposition Subpoena and the Document Subpoena are QUASHED.

**IT IS SO ORDERED.**

Dated:  July 14, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

11